**MILLS, Plaintiff-Appellee, v. DUTENHAVER, Admr., Defendant-Appellant.**

Ohio Appeals, Seventh District, Carroll County.

No. 325.   Decided June 12, 1954.

Don R. Sharp, Carrollton, for plaintiff-appellee.
Tom Richards, Carrollton, for defendant-appellant.

## OPINION

Per CURIAM.

On reviewing the record in this case the only serious error we find is where the court permitted Marie Mills, the plaintiff, to testify in violation of §11495 GC, to facts which occurred before the death of David M. Dutenhaver, deceased.

The trial court realized that some of the questions were "border line" inquiries (R. 24). While the questions were propounded for the purpose of determining the issue of "family relationship" (R. 26, 27) yet the statute provides she "shall not testify."

The question "after your mother's death, Marie, who took care of the household duties and other work around the home" was permitted, and the answer "I did" is error and should not have been allowed.

On pages 29 and 30 of the record other questions were asked of Marie Mills and answers permitted, all of which were rendered inadmissible by this section of the code.

However the plaintiff made out a valid claim against the estate by the testimony of outside witnesses, including Dr. and Mrs. Bennett, Elizabeth Rutledge, Harvey Rutledge, Milton Scott, Mr. and Mrs. Haugh, Mrs. Leroy James, and Mrs. Anna Cattrell, of whom counsel for the defendant, Mr. Richards, in his closing argument said:—

"They had a group of fine witnesses, people that I have known for many years, Harvey Rutledge from out on the Ridge, Mr. and Mrs. Haugh, here in town, Milton Scott, Dr. Dowell, we don't have any quarrel who has performed these services.

"Our argument with them is, that is not with them, Mr. Sharp, our argument is that is a family and not as Mr. Sharp gives it to you in argument, but law as given to you by the Court. It is our contention under the law that this is a family." (R. 88.)

In Mr. Richards' closing argument (R. 92 and 93) he said:—

"The court will charge you according to the law and that question will be for you to decide as to whether these people are members of the family and whether a family relationship existed between them."

The jury by special interrogatory after hearing a charge by the court on the question of family relationship said such relationship did not exist. We do not think the defendant now can be heard to complain about the determination of that aspect of the case.

Sec. 2309.59 R. C. (§11364 GC), provides that a reviewing court must disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party.

Substantial justice requires that this plaintiff recover for services which she rendered, and that a modification of the judgment under review will do complete justice to the parties involved.

We feel, following the case of **Tully v. Mahoning Express Co., Inc.,**

80

**161 Oh St 457,** that the court committed prejudicial error in permitting the plaintiff to testify as to facts before the death of the decedent, and that the judgment for that reason is excessive and must be reversed unless the plaintiff is willing to accept a remittitur of all of the judgment in excess of $2500.00 by reason of the introduction of incompetent testimony. Upon plaintiff's acceptance of this remittitur the judgment is affirmed; otherwise the judgment is reversed and cause remanded to the Common Pleas Court for further proceedings.

GRIFFITH, PJ, NICHOLS, J, concur.

### DISSENTING OPINION
By PHILLIPS, J.

Phillips, J., dissents from the judgment of affirmance "on condition that the plaintiff accept a remittitur of all in excess of $2500.00," but concurs in the judgment that "otherwise the judgment should be reversed for error in the admission of incompetent testimony," and believes that THIS case "should be remanded for a retrial by reason of the difficulty involved in attempting to use the process of a remittitur to cure the serious error in the admission of incompetent" testimony, which testimony violated the provisions of §11495 GC (§2317.03 R. C.). See separate opinion of the Chief Justice in **Tully v. Mahoning Express Co., Inc., 161 Oh St 457 at 462.**